

**ORDERED in the Southern District of Florida on March 6, 2023.**

Scott M. Grossman, Judge
United States Bankruptcy Court

UNITED STATES BANKTUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

AAMIR KHAN and HUMA AAMIR,    Case No. 18-23908-SMG

      Debtors.    Chapter 7

_____/

ALI PANJWANI,

      Plaintiff,

v.    Adv. No. 19-01040-SMG

AAMIR KHAN and HUMA AAMIR,

      Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANTS' MOTION TO DISMISS**

After a jury trial in state court, Plaintiff Ali Panjwani obtained a $1,704,987.39

final judgment against Defendant Aamir Khan and a $1,655,353.10 final judgment

against Defendant Huma Aamir. Based entirely on collateral estoppel – and without any additional material facts – the Plaintiff seeks summary judgment determining that these debts are excepted from the Defendants' discharges under Bankruptcy Code sections 523(a)(2), (a)(4), and (a)(6). Defendants Aamir Khan and Huma Aamir oppose summary judgment and further argue that the Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

After carefully considering the Plaintiff's *Second Amended Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523*[1] (the "Second Amended Complaint"), the Defendants' *Motion to Dismiss Second Amended Complaint to Determine Dischargeability of Debt*[2] (the "Motion to Dismiss"), the Plaintiff's *Response to Motion to Dismiss Second Amended Complaint*,[3] the Defendants' *Reply* thereto,[4] the Plaintiff's *Renewed Motion for Final Summary Judgment*[5] (the "Motion for Summary Judgment"), the *Plaintiff's Statement of Material Facts in Support of Motion for Final Summary Judgment*,[6] the Defendants' *Response* to the Motion for Summary Judgment,[7] the Defendants' *Statement of Material Facts*,[8] and the Plaintiff's *Reply*,[9] for the reasons discussed below, the Court will deny the Motion for Summary Judgment and grant the Motion to Dismiss.

---

[1] ECF No. 109.
[2] ECF No. 117.
[3] ECF No. 124.
[4] ECF No. 127.
[5] ECF No. 113.
[6] ECF No. 114.
[7] ECF No. 119.
[8] ECF No. 121.
[9] ECF No. 125.

I.      BACKGROUND AND MATERIAL FACTS

A.      **Procedural Background**

Defendants Aamir Khan and Huma Aamir filed a joint chapter 13 bankruptcy petition on November 7, 2018.[10] On June 12, 2019, they filed a notice of voluntary conversion to chapter 7,[11] and their case was converted to chapter 7 the next day.[12]

Less than two weeks after they had filed for bankruptcy, the Plaintiff (then in violation of the automatic stay) commenced an action in state court against the Defendants, along with co-defendants Faisal Khan, Asif Khan, Lucia Khan, and Sabeen Khan, in connection with a dispute over an entity called Alliance International Distributors, Inc. ("Alliance").[13] The Plaintiff alleged in the state court action that both Aamir Khan and Huma Aamir:

- breached a guaranty agreement;
- fraudulently induced the Plaintiff to finance $1,000,000.00 into Alliance;
- breached a contractual obligation to wind down Alliance;
- converted funds invested by the Plaintiff in Alliance;
- were unjustly enriched by the Plaintiff's investment in Alliance; and
- conspired with the other state court co-defendants to deprive the Plaintiff of funds that he invested.[14]

On February 25, 2019, the Plaintiff then commenced this adversary proceeding, seeking a determination that the Defendants' debts to him were excepted

---

[10] Pl.'s Stmt. of Material Facts ¶ 1 (ECF No. 114); Case No. 18-23908-SMG (the "Main Case"), ECF No. 1.
[11] Pl.'s Stmt. of Material Facts ¶ 1; Main Case ECF No. 60.
[12] Main Case ECF No. 61.
[13] Pl.'s Stmt. of Material Facts ¶ 1; Def.'s Add'l Stmt. of Material Facts (ECF No. 121), ¶ 20; Second Am. Compl. Ex. A.
[14] Def.'s Add'l Stmt. of Material Facts, ¶ 21; Second Am. Compl. Ex. A.

from discharge under Bankruptcy Code sections 523(a)(2) and (a)(4).[15] Because the Plaintiff's underlying claims had not yet been liquidated, and because liquidation of those claims necessarily involved litigation with other non-debtor parties, this Court later granted stay relief, retroactive to the petition date, to allow the state court litigation to proceed through judgment (but not execution).[16] This Court then abated this adversary proceeding pending the conclusion of the state court litigation.[17]

###   B.    The State Court Trial

The state court litigation ultimately proceeded to a jury trial, and on July 22, 2022, the jury returned a verdict in the total amount of $2,582,618.00 in favor of the Plaintiff, Ali Panjwani.[18] As to Defendant Huma Aamir, the jury found as follows:[19]

- **Breach of Guaranty:** Huma Aamir failed to pay all amounts owed to Ali Panjwani pursuant to the terms of a personal guaranty and is liable for **$375,000 in damages** for that breach of contract.

- **Fraud in the Inducement:** Huma Aamir **did not** knowingly make false representations of material facts to Ali Panjwani in order to induce his investment into Alliance; Huma Aamir **did not** make these representations with the intent to induce Ali Panjwani to agree to invest in Alliance; and Ali Panjwani **did not** rely on these false representations to invest in Alliance.

- **Breach of Agreement to Wind Down Alliance:** Huma Aamir **did not** materially breach a "wind down" agreement with Ali Panjwani.

- **Conversion:** Huma Aamir **did not**, as president of Alliance, misappropriate or manipulate funds, income, revenue, and/or profit of Alliance, including Ali Panjwani's funds; Huma Aamir **did not** misuse her authority and control as president of Alliance to divert Ali Panjwani's funds

---

[15] ECF No. 1. The Plaintiff's original complaint only sought relief under Bankruptcy Code sections 523(a)(2) and (a)(4). In the Second Amended Complaint now before the Court, the Plaintiff also seeks relief under section 523(a)(6).

[16] Pl.'s Stmt. of Material Facts ¶ 4; Main Case ECF No. 113.

[17] Pl.'s Stmt. of Material Facts ¶ 4; ECF No. 64.

[18] Pl.'s Stmt. of Material Facts ¶ 5; Second Am. Compl. Exs. B, C.

[19] Second Am. Compl. Exs. B, C.

to her own personal accounts, the accounts of her family and/or relatives, and/or to other entities owned by her family or relatives; and Huma Aamir's actions **did not** deprive Ali Panjwani of those funds permanently or for an indefinite time period.

- **Unjust Enrichment:** Huma Aamir had access to the funds, income, revenue, and profit of Alliance, including Ali Panjwani's funds; Huma Aamir **did not**, as president of Alliance, misappropriate or manipulate funds, income, revenue, and/or profit of Alliance, including Ali Panjwani's funds; Huma Aamir **did** misuse her authority and control as President of Alliance to divert Ali Panjwani's funds to her own personal accounts, the accounts of her family and/or relatives, and/or to other entities owned by her family or relatives; Huma Aamir **did** voluntarily accept and retain these benefits; it would be inequitable for Huma Aamir to retain these benefits; and Huma Aamir **was unjustly enriched** at the expense of and/or to the detriment of Ali Panjwani; but the jury awarded **$0.00 in damages** to Ali Panjwani because of Huma Aamir's unjust enrichment.

- **Civil Conspiracy:** Huma Aamir (along with Aamir Khan, and state court co-defendants Faisal Khan, Asif Khan, Lucia Khan, and Sabeen Khan) **conspired to defraud** Ali Panjwani and convert all or part of Ali Panjwani's investments into Alliance; Huma Aamir (along with Aamir Khan, and state court co-defendants Faisal Khan, Asif Khan, Lucia Khan, and Sabeen Khan) engaged in **overt acts** (including, but not limited to, **manufacturing fraudulent invoices**, initiating wire transfers, **processing fraudulent invoices**, and transferring funds to themselves or third-party entities owned by them or their families), in furtherance of the conspiracy; and that Huma Aamir (along with Aamir Khan, and state court co-defendants Faisal Khan, Asif Khan, Lucia Khan, and Sabeen Khan) was liable for **$1,000,000 in damages** for civil conspiracy.

As to Defendant, Aamir Khan, the jury found as follows:[20]

- **Fraud in the Inducement:** Aamir Khan **did not** knowingly make false representations of material facts to Ali Panjwani in order to induce his investment into Alliance; Aamir Khan **did not** make these representations with the intent to induce Ali Panjwani to agree to invest in Alliance; and Ali Panjwani **did not** rely on these false representations to invest in Alliance.

---

[20] Second Am. Compl. Exs. B, C.

- **Breach of Agreement to Wind Down Alliance:** Aamir Khan **materially breached** a "wind down" agreement with Ali Panjwani and owes him **$218,809 in damages** for that breach.

- **Conversion:** Aamir Khan **had access** to the funds, income, revenue, and profit of Alliance, including Ali Panjwani's funds; Aamir Khan **misused his access** to these funds to divert Ali Panjwani's funds to his own personal accounts, the accounts of his family and/or relatives, and/or to other entities owned by his family or relatives; Aamir Khan's actions **deprived Ali Panjwani of those funds** permanently or for an indefinite period; and Aamir Khan owes Ali Panjwani **$25,000 in damages** for conversion.

- **Unjust Enrichment:** Aamir Khan **had access** to the funds, income, revenue, and profit of Alliance, including Ali Panjwani's funds; Aamir Khan **did** misappropriate or manipulate funds, income, revenue, and/or profit of Alliance, including Ali Panjwani's funds; Aamir Khan **did** misuse his access to Alliance to divert Ali Panjwani's funds to his own personal accounts, the accounts of his family and/or relatives, and/or to other entities owned by his family or relatives; Aamir Khan **did** voluntarily accept and retain these benefits; it would be inequitable for Aamir Khan to retain these benefits; and Aamir Khan **was unjustly enriched** at the expense of and/or to the detriment of Ali Panjwani; and Aamir Khan owes Ali Panjwani **$172,500 in damages** for unjust enrichment.

- **Civil Conspiracy:** Aamir Khan (along with Huma Aamir, and state court co-defendants Faisal Khan, Asif Khan, Lucia Khan, and Sabeen Khan) **conspired to defraud** Ali Panjwani and convert all or part of Ali Panjwani's investments into Alliance; Aamir Khan (along with Huma Aamir, and state court co-defendants Faisal Khan, Asif Khan, Lucia Khan, and Sabeen Khan) engaged in **overt acts** (including, but not limited to, **manufacturing fraudulent invoices**, initiating wire transfers, **processing fraudulent invoices**, and transferring funds to themselves or third-party entities owned by them or their families), in furtherance of the conspiracy; and that Aamir Khan (along with Huma Aamir, and state court co-defendants Faisal Khan, Asif Khan, Lucia Khan, and Sabeen Khan) was liable for **$1,000,000 in damages** for civil conspiracy.

In summary, as to Defendant Aamir Khan, the jury found that he was liable to Ali Panjwani for breach of contract, conversion, unjust enrichment, and civil conspiracy, and awarded damages to Ali Panjwani and against Aamir Khan in the amount of

$1,704,987.39, plus interest, attorneys' fees, and costs.[21] As to Defendant Huma Aamir, the jury found that she was liable to Ali Panjwani for breach of contract, conspiracy, and unjust enrichment, and awarded damages to Ali Panjwani and against Huma Aamir in the amount of $1,655,353.10, plus interest, attorneys' fees, and costs (but none of the award was allocated to the unjust enrichment count).[22]

On August 29, 2022, Aamir Khan and Huma Aamir filed in the state court case a motion to amend the final judgment, or in the alternative, motion for remittitur.[23] They argued, among other things, that the finding of civil conspiracy to defraud was inconsistent with the jury's specific findings that: (1) Aamir Khan and Huma Aamir did not knowingly make false representations of material facts to Ali Panjwani in order to induce his investment in Alliance; (2) Aamir Khan and Huma Aamir did not make these representations with the intent to induce Ali Panjwani to agree to invest in Alliance; and (3) Ali Panjwani did not rely on these false representations to invest in Alliance.[24]

### C.    Resumption of This Adversary Proceeding

After conclusion of the state court jury trial, the Plaintiff moved this Court to lift the abatement of this adversary proceeding,[25] which motion the Court granted on October 7, 2022.[26] In connection with lifting the abatement, the Court also permitted

---

[21] Pl.'s Stmt. of Material Facts ¶ 7; Second Am. Compl. Exs. B, C.
[22] Pl.'s Stmt. of Material Facts ¶ 7; Second Am. Compl. Exs. B, C.
[23] Def.'s Add'l Stmt. of Material Facts, ¶ 40; ECF No. 120.
[24] ECF No. 120.
[25] ECF No. 101.
[26] ECF No. 103.

the Plaintiff to file a Second Amended Complaint,[27] which the Plaintiff filed on October 28, 2022.[28]

### 1.    The Second Amended Complaint

The Second Amended Complaint contains three counts for determination of dischargeability of a debt. Count I seeks a determination that the debt is excepted from discharge under Bankruptcy Code section 523(a)(2) for "fraud."[29] Count II alleges the debt is excepted from discharge under Bankruptcy Code section 523(a)(4) for "embezzlement and larceny."[30] And Count III claims the debt is excepted from discharge under Bankruptcy Code section 523(a)(6) for "willful and malicious injury by the debtor to another entity or to the property of another entity."[31] The Second Amended Complaint has three exhibits: a copy of the Verified Complaint filed in state court (Exhibit A); a copy of the state court jury verdict (Exhibit B); and a copy of the state court final judgment (Exhibit C).

The Second Amended Complaint contains only nine paragraphs of general factual allegations, which essentially summarize the history of this bankruptcy case and of the state court case, summarize the state court jury verdict and final judgment, and then quote the provisions of Bankruptcy Code section 523(a) under which the Plaintiff seeks relief. Then for Count I, the Plaintiff again restates the relevant statute, summarizes the state court final judgment, makes a claim for attorneys' fees,

---

[27] *Id.*
[28] ECF No. 109.
[29] *Id.* at 5-6.
[30] *Id.* at 6-8.
[31] *Id.* at 8-9.

8

and alleges that "[t]he above alleged facts touch each element of [section] 523(a)(2)."[32] Count II again restates the relevant statute, explains the difference between embezzlement and larceny, summarily concludes that "the facts recited in paragraphs 1-9 above evidence defendants' embezzlement and larceny,"[33] and summarizes and quotes from a portion of the state court final judgment. Count III likewise recites the relevant statute, alleges that "[t]he facts recited in paragraphs 1-9 above evidence elements of a claim based on willful and malicious injury by the debtor to another entity or to the property of another entity,"[34] and again summarizes and quotes from a portion of the state court final judgment.

### 2.    The Plaintiff's Motion for Summary Judgment

Shortly after filing his Second Amended Complaint, the Plaintiff filed a motion for summary judgment.[35] But the Court struck that initial motion for summary judgment[36] because it failed to comply with the requirements set forth in the Court's *Amended Order Setting Scheduling Conference and Establishing Procedures and Deadlines*[37] (the "Scheduling Order") for summary judgment motions, which required, among other things, a separate and contemporaneously filed and served

---

[32] *Id.* at 6.
[33] *Id.* at 7.
[34] *Id.* at 8.
[35] ECF No. 110.
[36] ECF No. 111.
[37] ECF No. 107. Under the Scheduling Order, "[i]f a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from a non-compliant statement or response, or enter other sanctions that the Court deems appropriate." *Id.*, ¶ 8.e.

statement of material facts.[38] The Plaintiff then filed a renewed Motion for Summary Judgment[39] and separate document titled *Plaintiffs'* [sic] *Statements of Material Facts in Support of Motion for Final Summary Judgment*.[40]

This separate "statement of material facts," however, was still noncompliant with the requirements of the Scheduling Order, and in fact appears to be nothing more than a near-verbatim copy of the Plaintiff's Motion for Summary Judgment, only with a new title and with certain subtitles removed. The Plaintiff's statement of material facts did not – as required by the Scheduling Order – consist of separately numbered paragraphs, limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint citations to particular parts of record material, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only), admissions (including admissions in the answer), and interrogatory answers.[41]

Although the Plaintiff did not comply with the Scheduling Order's requirements, he did attach to his Motion for Summary Judgment a copy of the state court jury verdict and the final judgment against Aamir Khan and Huma Aamir. Thus, the only material facts the Plaintiff has properly presented to the Court for

---

[38] The requirement to file a separate statement of material facts was adopted and implemented by this Court on September 20, 2022, being incorporated into the Court's revised standard form Order Setting Scheduling Conference entered in adversary proceedings. This requirement is based on a similar requirement set forth in Local Rule 56.1 of the United States District Court for the Southern District of Florida.

[39] ECF No. 113.

[40] ECF No. 114.

[41] ECF No. 107, ¶ 8.c.

consideration in connection with his Motion for Summary Judgment are essentially these two documents: the state court jury verdict and final judgment.

The Defendants, on the other hand, did comply with the Scheduling Order, and filed their opposing statement of material facts[42] in which they – as required by the Scheduling Order – responded to each "material fact" set forth by the Plaintiff, as to whether or not they disputed it. The Defendants also properly set forth their own additional material facts, with proper record citations.

Again, however, the Plaintiff did not comply with the Scheduling Order and did not file any separate reply statement material facts. Instead, the Plaintiff filed one combined document: *Plaintiffs'* [sic] *Reply to Response re Summary Judgment (Doc 119) and Statement of Material Facts (Doc 121).*[43] In that document, the Plaintiff's only reply to the Defendants' additional statement of material facts was the following:

> The statement of material facts Doc 121 consist [*sic*] of self-serving conclusions that facts are disputed, without any factual foundation, and that "they regurgitate legal precedent." Additional facts at page 4 of Doc 121 do point out where the jury did not make certain findings, but those facts are not the ones relied on by the motion at bar.[44]

The Plaintiff did not – as required by the Scheduling Order – respond line-by-line to the additional material facts set forth by the Defendants. Thus, pursuant to paragraph 8.d. of the Scheduling Order,[45] the Court will deem the Plaintiff to not

---

[42] ECF No. 121.

[43] ECF No. 125.

[44] *Id.*, ¶ 4.

[45] ECF No. 107, ¶ 8.d. ("All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply.").

dispute any of the material facts asserted by the Defendants. However, some of the Defendants' additional material facts – specifically, those set forth in paragraphs 32, 33, 38, 39 of the Defendants' *Statement of Material Facts*[46] – are actually legal conclusions or arguments, and not "facts" upon which the Court can rely in considering a motion for summary judgment. Accordingly, the Court will treat them as such, and not as undisputed material facts.

### 3. The Defendants' Motion to Dismiss

After the Plaintiff filed his Motion for Summary Judgment, the Defendants filed their Motion to Dismiss,[47] in which they argue that the Second Amended Complaint fails to state a claim upon which relief can be granted. As to Count I, the Defendants argue that the Plaintiff failed to:

- plead with particularity the false representation or actual fraud upon which the Plaintiff relied for the money, property, services, or extension of credit;
- allege with particularity each Defendants' misrepresentations as the basis for the claim;
- state whether the claim is based on 11 U.S.C. § 523(a)(2)(A) or (B);
- allege which representations were made by which Defendant at the time that the money, property, or services were "obtained by" the alleged wrongful acts as required under § 523(a)(2)(A);
- allege that the fraudulent conduct occurred at the inception of the debt;
- allege the specific representations from each Defendant upon which the Plaintiff relied for money, property, services, or the extension of credit as required by § 523(a)(2)(A);
- state with particularity the circumstances constituting the fraud by each Defendant; and
- establish the essential elements of a cause of action under § 523(a)(2)(A) and § 523(a)(2)(B).

---

[46] Def.'s Add'l Stmt. of Material Facts, ¶¶ 32, 33, 38, 39.
[47] ECF No. 117.

As to Count II, the Defendants argue that the Plaintiff failed to:

- plead the circumstances constituting the alleged embezzlement as to each Defendant;
- allege which funds and the amount of funds that were allegedly embezzled from the Plaintiff; and
- establish the essential elements of a cause of action under § 523(a)(4).

And as to Count III, the Defendants argue that the Plaintiff failed to:

- allege the willful and malicious elements of this claim as to each Defendant.

## II.    SUMMARY OF THE ARGUMENTS

The Plaintiff argues that based entirely on the collateral estoppel effect of the state court jury verdict and final judgment, he is entitled to judgment as a matter of law that the entire final judgment is excepted from the Defendants' bankruptcy discharges. The Defendants argue that the state court jury verdict is not entitled to collateral estoppel effect because the jury specifically found that Aamir Khan and Huma Aamir *did not* fraudulently induce the Plaintiff to invest in Alliance, and that none of the other claims on which the state court found the Defendants liable presented the identical issues now before the Court in this adversary proceeding. The Defendants further argue – in their Motion to Dismiss – that the Second Amended Complaint fails to state a claim upon which relief may be granted, and that not only should the Court deny the Plaintiff's Motion for Summary Judgment, but it should also dismiss his Second Amended Complaint.

## III.   LEGAL STANDARDS

To rule on these motions, the Court must examine the substantive elements of claims for relief under Bankruptcy Code sections 523(a)(2), (a)(4), and (a)(6); the standards for dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6),

made applicable here by Federal Rule of Bankruptcy Procedure 7012; the heightened requirements for pleading fraud with particularity, set forth in Federal Rule of Civil Procedure 9(b), made applicable here by Federal Rule of Bankruptcy Procedure 7009; the standards for granting summary judgment under Federal Rule of Civil Procedure 56, made applicable here under Federal Rule of Bankruptcy Procedure 7056; and Florida law on collateral estoppel.

### A.    Dischargeability of Debt Under 11 U.S.C. § 523(a)

Courts construe objections to the dischargeability of a debt liberally in favor of the debtor and strictly against the objecting creditor.[48] Under Bankruptcy Code section 523(a)(2)(A), a debt is excepted from discharge if it is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."[49] To state a claim under section 523(a)(2)(A) of the Bankruptcy Code, a plaintiff must plead the following elements:

(1) the debtor made a false statement;
(2) with the purpose and intention of deceiving the creditor;
(3) the creditor relied on such false statement;
(4) the creditor's reliance on the false statement was justifiably founded; and
(5) the creditor sustained damage as a result of the false statement.[50]

---

[48] *In re Brown*, 541 B.R. 906, 909-10 (Bankr. M.D. Fla. 2015) (citing *Reynolds v. Trafford (In re Trafford)*, 377 B.R. 387, 392 (Bankr. M.D. Fla. 2007); *Coady v. D.A.N. Joint Venture III, L.P. (In re Coady)*, 588 F.3d 1312, 1315 (11th Cir. 2009) (quoting *Jennings v. Maxfield (In re Jennings)*, 533 F.3d 1333, 1338-39 (11th Cir. 2008))).

[49] 11 U.S.C. § 523(a)(2)(A).

[50] *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir. 1996).

Under Bankruptcy Code section 523(a)(2)(B), a debt may also be excepted from discharge if it is for "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . use of a statement in writing—

(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive.[51]

Bankruptcy Code section 523(a)(4) also excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."[52] And under Bankruptcy Code section 523(a)(6), a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity"[53] is also excepted from discharge.

### B.    Dismissal for Failure to State a Claim

To avoid dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6),[54] a complaint must state a claim for relief that is "plausible on its face."[55] The plaintiff must plead sufficient facts – which the court must accept as true at this stage – to allow the court "to draw the reasonable inference" of a defendant's liability.[56] The court must determine, based on "judicial experience and common sense," whether the well-pleaded facts in the complaint

---

[51] 11 U.S.C. § 523(a)(2)(B).
[52] 11 U.S.C. § 523(a)(4).
[53] 11 U.S.C. § 523(a)(6).
[54] Made applicable here by Federal Rule of Bankruptcy Procedure 7012.
[55] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[56] *Id.* (citing *Twombly*, 550 U.S. at 555-56).

present a plausible claim for relief.[57] If the allegations fail to "nudge" the claims "across the line from conceivable to plausible," the complaint must be dismissed.[58] Allegations containing only "'labels and conclusions' or 'a formalistic recitation of the elements of a cause of action,'"[59] and "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts,"[60] will not suffice. If the "well-pleaded facts do not permit the court to infer more than the mere possibility" of liability, the complaint must be dismissed.[61]

Where a complaint alleges fraud, however, Rule 9(b)[62] requires that the complaint "state with particularity the circumstances constituting fraud."[63] "Under Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud."[64] Stated another way, to survive a motion to dismiss, a plaintiff "must assert the who, what, when, and where of the purported fraud."[65]

---

[57] *Id.* at 679.

[58] *Twombly*, 550 U.S. at 570.

[59] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[60] *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).

[61] *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

[62] Made applicable here by Federal Rule of Bankruptcy Procedure 7009.

[63] Fed. R. Bankr. P. 9(b).

[64] *Rosen v. Case (In re Case)*, 636 B.R. 834, 840-41 (Bankr. S.D. Fla. 2022) (quoting *Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 866 (11th Cir. 2011) (cleaned up)).

[65] *Id.* (quoting *In re Taylor, Bean, & Whitaker Mortg. Corp.*, 2011 WL 5245420, at *5 (Bankr. M.D. Fla. 2011)).

### C.  <u>Summary Judgment</u>

Rule 56(a)[66] requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[67] In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party.[68] The moving party has the burden of establishing that there is an absence of any genuine issue of material fact.[69] Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact.[70] "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[71] The Court will not weigh the evidence or find facts at the summary judgment stage. Rather, the Court determines only whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party.[72]

---

[66] Made applicable here by Federal Rule of Bankruptcy Procedure 7056.
[67] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).
[68] *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).
[69] *Celotex*, 477 U.S. at 323.
[70] *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990).
[71] Fed. R. Civ. P. 56(c)(1).
[72] *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

### D.    <u>Collateral Estoppel</u>

Collateral estoppel applies in dischargeability actions.[73] To determine the preclusive effect of a Florida state court judgment, the Court must apply Florida collateral estoppel law.[74] A party seeking to invoke collateral estoppel – also known as issue preclusion – must establish the following five elements:

> (1) the identical issue was presented in a prior proceeding;
> (2) the issue was a critical and necessary part of the prior determination;
> (3) there was a full and fair opportunity to litigate the issue;
> (4) the parties to the prior action were identical to the parties of the current proceeding; and
> (5) the issue was actually litigated.[75]

## IV.    ANALYSIS

Neither side disputes that there was a full and fair opportunity to litigate these issues in state court, that the parties to the state court action were identical to the parties to this adversary proceeding, and that the issues were actually litigated in state court. Thus, the issues on summary judgment are whether the identical issues were presented in the state court action, and whether those issues were a critical and necessary part of the state court's determination. "An issue is a critical and necessary part of the prior proceeding where its determination is essential to the ultimate decision."[76]

---

[73] *Harris v. Jayo (In re Harris)*, 3 F.4th 1339, 1344 (11th Cir. 2021); *In re St. Laurent*, 991 F.2d 672, 675-76 (11th Cir. 1993); *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991).

[74] *Harris*, 3 F.4th at 1344 (quoting *St. Laurent*, 991 F.2d at 676; citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).

[75] *Marquardt v. State*, 156 So. 3d 464, 481 (Fla. 2015) (citing *Cook v. State*, 921 So.2d 631, 634 (Fla. 2d DCA 2005)); *Thakkar v. Good Gateway, LLC*, 351 So. 3d 192, 195 (Fla. 5th DCA 2022); *Fernandez v. Cruz*, 341 So. 3d 410, 412 (Fla. 3d DCA 2022); *Provident Life & Accident Ins. Co. v. Genovese*, 138 So. 3d 474, 477 (Fla. 4th DCA 2014).

[76] *Genovese*, 138 So. 3d at 478 (citing *Porter v. Saddlebrook Resorts, Inc.*, 679 So.2d 1212, 1215 (Fla. 2d DCA 1996)).

### A.    <u>Count I: 11 U.S.C. § 523(a)(2)</u>

In Count I of the Second Amended Complaint, the Plaintiff asserts that the Defendants' debts to him are excepted from discharge generally under Bankruptcy Code section 523(a)(2). But section 523(a)(2) has two materially different subsections – (A) and (B). Section 523(a)(2)(A) deals with false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial condition*.[77] Section 523(a)(2)(B) then deals with written statements.[78] In his Motion for Summary Judgment, however, it is clear that the Plaintiff is only seeking summary judgment under Bankruptcy Code section 523(a)(2)(A) (false pretenses, a false representation, or actual fraud),[79] and not under section 523(a)(2)(B) (a written statement).

### 1.    **Summary Judgment**

With respect to section 523(a)(2)(A), the state court jury found that Aamir Khan and Huma Aamir ***did not*** knowingly make false representations of material facts to Ali Panjwani, that they ***did not*** make these representations with intent to induce Ali Panjwani to agree to invest in Alliance, and Ali Panjwani ***did not*** rely on these false representations to invest in Alliance. Based on these findings alone, the Plaintiff has failed to meet his burden to show that there is no genuine dispute as to any material fact with respect to whether the Defendants made false representations to him. The state court jury conclusively found that the Defendants ***did not*** make

---

[77] 11 U.S.C. § 523(a)(2)(A).
[78] 11 U.S.C. § 523(a)(2)(B).
[79] ECF No. 113, at 5.

false representations of material facts to the Plaintiff with respect to his investment in Alliance. So to the extent the Plaintiff seeks summary judgment as to Count I on this basis, his motion must be denied.

But the state court jury did find that Aamir Khan and Huma Aamir (among others) conspired to defraud Ali Panjwani and convert all or part of Ali Panjwani's investments in Alliance, and that Aamir Khan and Huma Aamir did engage in overt acts, including but not limited to, manufacturing fraudulent invoices, initiating wire transfers, processing fraudulent invoices, and transferring funds to themselves or third-party entities owned by them or their families in furtherance of the conspiracy.

Under Florida law, the elements of civil conspiracy are:

(a) a conspiracy between two or more parties,
(b) to do an unlawful act or to do a lawful act by unlawful means,
(c) the doing of some overt act in furtherance of the conspiracy, and
(d) damage to the plaintiff as a result of the acts performed pursuant to the conspiracy.[80]

The state court jury did find that the state court defendants collectively engaged in overt acts in furtherance of a conspiracy, which included manufacturing fraudulent invoices and processing fraudulent invoices. But that finding alone – viewed in light of its other findings that neither Aamir Khan nor Huma Aamir knowingly made false representations of material facts to Ali Panjwani nor made misrepresentations with intent to induce Ali Panjwani to agree to invest in Alliance – does not support application of collateral estoppel here.

---

[80] *Harris*, 3 F.4th at 1350-51 (citing *Walters v. Blankenship*, 931 So.2d 137, 140 (Fla. 5th DCA 2006)).

The state court jury found that six co-defendants (of which the Defendants were two) conspired to defraud the Plaintiff. And the state court jury found that the six co-defendants collectively engaged in overt acts that included "manufacturing fraudulent invoice[s]" and "processing fraudulent invoices" in furtherance of the conspiracy. But the state court jury made no findings that Defendants Aamir Khan or Huma Aamir had committed these specific overt acts. To the contrary, the state court jury actually found that Aamir Khan and Huma Aamir did not knowingly make false representations of material facts to Ali Panjwani. So, the fact that the state court jury found the Defendants liable for civil conspiracy – viewed in light of its finding of no liability for fraud in the inducement – once again fails to satisfy the Plaintiff's burden to show there is no genuine dispute as to any material fact with respect to whether the Defendants made false representations to the Plaintiff.

Nor has the Plaintiff shown that there is no genuine dispute as to any material fact as to whether the Defendants' debts to the Plaintiff were obtained by "false pretenses" or by "actual fraud." Nothing in the Plaintiff's statement of material facts, or the state court jury verdict or final judgment even mention – let alone establish no genuine dispute as to – facts supporting either of these claims. Accordingly, the Plaintiff's Motion for Summary Judgment must be denied as to Count I, as he has failed to establish the absence of a genuine issue of material fact with respect to whether the Defendants' debts to him were obtained by false pretenses, a false representation, or actual fraud.

21

## 2. Dismissal

As for the Defendants' Motion to Dismiss Count I for failure to state a claim, as noted above, other than attaching a copy of the state court complaint, jury verdict, and final judgment, the Second Amended Complaint contained virtually no material factual allegations beyond the procedural history of this matter, and certainly did not "state with particularity the circumstances constituting fraud" as required by Rule 9(b). As discussed, to survive a motion to dismiss for failure to state a claim for fraud, a complaint must "state with particularity the circumstances constituting fraud,"[81] including (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statements; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud.[82]

With respect to his claims under Bankruptcy Code section 523(a)(2)(A), the Plaintiff failed to allege in the Second Amended Complaint the precise statements, documents, or misrepresentations made; the time, place, and person responsible for the statements; the content and manner in which the statements misled the Plaintiff; and what the Defendants gained by the alleged fraud.[83] While unclear from the Second Amended Complaint, to the extent the Plaintiff also seeks a nondischargeability determination under Bankruptcy Code section 523(a)(2)(B), the Second Amended Complaint fails to make any allegations about any specific written

---

[81] Fed. R. Bankr. P. 9(b).
[82] *Case*, 636 B.R. at 840-41.
[83] *See id.*

statement, let alone that any such statement was materially false, respecting the Defendants' or an insider's financial condition, on which the Plaintiff reasonably relied, and that the Defendants caused to be made or published with intent to deceive. Thus, whether under sections 523(a)(2)(A) or (a)(2)(B), Count I of the Second Amended Complaint fails to state a claim upon which relief may be granted, and must be dismissed.

### B.    Count II: 11 U.S.C. § 523(a)(4)

Bankruptcy Code section 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Embezzlement is the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come."[84] Larceny is the "fraudulent taking and carrying away of property of another with intent to convert such property to his use without consent of another."[85] The Plaintiff has not alleged in the Second Amended Complaint – or argued in his Motion for Summary Judgment – that these debts were for fraud while acting in a fiduciary capacity.

### 1.    Summary Judgment

The state court jury verdict did not address any claims for embezzlement or larceny. On this basis alone, the Plaintiff is not entitled to summary judgment based on collateral estoppel, because the identical issues (embezzlement and larceny) were not presented to the state court and were not actually litigated. The state court jury

---

[84] *In re Keitel*, 2018 WL 9597494, at *3 (Bankr. S.D. Fla. 2018) (quoting *Moore v. U.S.*, 160 U.S. 268, 269 (1895)).
[85] *Id.* (quoting *Ford v. Pupello (In re Pupello)*, 281 B.R. 763, 768 (Bankr. M.D. Fla. 2002) (citing *Ploetner-Christian v. Miceli (In re Miceli)*, 237 B.R. 510, 516 (Bankr. M.D. Fla. 1999))).

did, though, find Aamir Khan liable for conversion in the amount of $25,000. But as to Huma Aamir, the state court jury found her not liable for conversion. As to Aamir Khan, the jury found that he had access to funds, income, revenue, and profit of Alliance (including Ali Panjwani's funds), and that Aamir Khan misused his access to these funds to divert Ali Panjwani's funds to his own personal accounts, the accounts of his family and/or relatives, and/or to other entities owned by his family or relatives, and that those actions deprived Ali Panjwani of those funds permanently or for an indefinite period.

But examining the jury's verdict and the elements of conversion under Florida law shows that the issue the jury considered – conversion – was not identical to the issues now before the court – embezzlement and larceny. "Under Florida law, the elements of conversion are (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein."[86] Thus, while conversion is similar to embezzlement and larceny, it is not the same thing. The most critical distinction is that both embezzlement and larceny require fraudulent intent.[87] Fraudulent intent, however, is not a required element of conversion under Florida law. The jury's verdict finding Aamir Khan liable for conversion therefore does not collaterally estop him from contesting the dischargeability of this debt because the issues were not identical. Accordingly, the Plaintiff has again failed to show the

---

[86] *In re Bentley*, 600 B.R. 115, 118 (Bankr. M.D. Fla. 2018).

[87] *Keitel*, 2018 WL 9597494, at *3; *see also NesSmith Elec. Co. v. Kelley (In re Kelley)*, 84 B.R. 225, 231 (Bankr. M.D. Fla. 1988) ("[dischargeability under § 523(a)(4)] does require a showing of fraud or fraudulent intent."); *Synod of S. Atl. Presbyterian Church v. Magpuaso*, 265 B.R. 492, 497 (Bankr. M.D. Fla. 2011) ("Although proof of a fiduciary relationship is unnecessary to prevail on an embezzlement claim, the creditor must show evidence of fraud or fraudulent intent.").

absence of a genuine issue of material fact with respect to whether the Defendants' debts to the Plaintiff were for embezzlement or larceny. His Motion for Summary Judgment must therefore be denied as to Count II as well.

### 2.   Dismissal

As noted, fraudulent intent is an element of a claim for nondischargeability under Section 523(a)(4).[88] But the Second Amended Complaint failed to plausibly allege any fraudulent intent with respect to Count II, and therefore also fails to state a claim upon which relief may be granted and will be dismissed.

### C.   <u>Count III: 11 U.S.C. § 523(a)(6)</u>

Bankruptcy Code section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."[89] "An injury alleged as the basis for a non-dischargeable claim under section 523(a)(6) must be both willful and malicious."[90] "In order to prove willfulness under section 523(a)(6), a plaintiff must prove that the debtor acted intentionally; proof that the injury resulted from reckless or negligent conduct is not sufficient."[91] "A debtor acts willfully when the debtor either intended the injury that resulted or the debtor acted intentionally and the act in question was certain or substantially certain to result in the injury."[92]

---

[88] *Id.*

[89] 11 U.S.C. § 523(a)(6).

[90] *Keitel*, 2018 WL 9597494, at *4 (citing *Stewart Tilghman Fox & Bianchi, P.A. v. Kane (In re Kane)*, 470 B.R. 902, 939 (Bankr. S.D. Fla. 2012)).

[91] *Id.* (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)).

[92] *Id.* (citing *Thomas v. Loveless (In re Thomas)*, 288 Fed. App'x 547, 549 (11th Cir. 2008) (citing *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1165 (11th Cir. 1995)); *Kane*, 470 B.R. at 939-41).

### 1.    Summary Judgment

With respect to Count III, none of the counts on which the state court found liability against the Defendants presented the identical issue of whether the Defendants intentionally injured the Plaintiff or acted intentionally or whether the act in question was certain or substantially certain to result in the injury. Again, the state court jury found against Aamir Khan for breach of contract, conversion, unjust enrichment, and civil conspiracy, and found against Huma Aamir for breach of contract, unjust enrichment, and civil conspiracy. None of the elements of those claims present the identical issue of whether these debts were for willful and malicious injury by the Defendants to the Plaintiff or his property. As such, collateral estoppel does not apply, and the Motion for Summary Judgment must be denied as to this Count as well.

### 2.    Dismissal

Likewise, the Second Amended Complaint fails to make any plausible allegations – beyond mere conclusory assertions – that the Defendants' debts to the Plaintiff were for willful and malicious injury by the Defendants to the Plaintiff or his property. Thus, the Motion to Dismiss Count III must also be granted.

## V.    CONCLUSION

Collateral estoppel does not apply to any of the counts of the Second Amended Complaint. On the only issue identical to the one before this Court – fraud in the inducement – the state court jury found for the Defendants and against the Plaintiff. None of the other issues tried in the state court were identical to any of the issues presented in the three counts of the Second Amended Complaint. The Plaintiff had

ample opportunity to support his Motion for Summary Judgment with depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials.[93] Yet he elected to rely only on the jury verdict and final judgment, which – as discussed in detail above – do not collaterally estop the Defendants from contesting dischargeability. Accordingly, the Motion for Summary Judgment must be denied. Likewise, because the Second Amended Complaint contains only bare bones, conclusory allegations, it fails to state any claim upon which relief may be granted, and must be dismissed.

The Plaintiff has had ample opportunity to plausibly state a claim for relief. After the October 4, 2022 status conference in this adversary proceeding when the Court lifted the abatement, the Court gave the Plaintiff leave to file a second amended complaint in light of the new facts and circumstances based on the state court jury verdict. But after nearly four years of litigation with the Defendants, including through a weeklong jury trial,[94] the jury's verdict, and the state court's final judgment, the Plaintiff elected in his Second Amended Complaint to rely entirely on the collateral estoppel effect of the state court judgment, and failed to make any other material factual allegations beyond the procedural history of the litigation and its outcome.

The Plaintiff also had ample opportunity – after seeing the Defendants' Motion to Dismiss – to seek leave of Court to further amend his Second Amended

---

[93] *See* Fed. R. Civ. P. 56(c)(1)(A).
[94] Def.'s Add'l Stmt. of Material Facts, ¶ 22.

Complaint.[95] Instead, he responded to the Motion to Dismiss with the same conclusory arguments made in his Motion for Summary Judgment. Accordingly – because the Court "is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend"[96] – the Second Amended Complaint will be dismissed with prejudice. It is therefore

      **ORDERED** that:

      1.    The Plaintiff's Motion for Summary Judgment[97] is **DENIED**.

      2.    The Defendants' Motion to Dismiss[98] is **GRANTED**.

      3.    The Second Amended Complaint[99] is **DISMISSED WITH PREJUDICE**.

# # #

Copies to all parties of record by CM/ECF.

---

[95] *See* Fed. R. Bankr. P. 7015; Fed. R. Civ. P. 15(a)(2).

[96] *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

[97] ECF No. 113.

[98] ECF No. 117.

[99] ECF No. 109.